IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

FRANKIE JEAN HOLTER                                                                PLAINTIFF

vs.                                          Civil No. 6:15-cv-06110

CAROLYN W. COLVIN                                                                  DEFENDANT
Commissioner, Social Security Administration

**MEMORANDUM OPINION**

Frankie Jean Holter ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying her application for Disability Insurance Benefits ("DIB") and a period of disability.

The Parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. ECF No. 8.[1] Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1.    Background:**

Plaintiff protectively filed her disability application on April 1, 2010. (Tr. 13). In this application, Plaintiff alleges being disabled due to arthritis in her hips, right knee pain, bilateral carpel tunnel syndrome, back pain, bunions on her feet, depression, anxiety, and post-traumatic stress disorder. (Tr. 151). This application was denied initially and again upon reconsideration. (Tr. 65-66).

---

[1] The docket numbers for this case are referenced by the designation "ECF No. _____" The transcript pages for this case are referenced by the designation "Tr."

    **A.**     **First Administrative Decision**

Thereafter, Plaintiff requested an administrative hearing on her denied application, and this hearing request was granted. (Tr. 31-64). This hearing was held on January 17, 2012 in Hot Springs, Arkansas. *Id.* At this hearing, Plaintiff was present and was represented by Sherri McDonough. *Id.* Plaintiff and Vocational Expert ("VE") Diane Smith testified at this hearing. *Id.* At this hearing, Plaintiff testified she was forty-nine (49) years old, which is defined as a "younger person" under 20 C.F.R. § 404.1563(c) and 20 C.F.R. § 416.963(c). (Tr. 33-34). As for her education level, Plaintiff testified she had an associate's or two-year degree and some limited vocational training after college. (Tr. 33-34).

On March 27, 2012, after the administrative hearing, the ALJ entered a fully unfavorable decision denying Plaintiff's application. (Tr. 10-26). The ALJ found Plaintiff last met the insured status requirements of the Act on December 31, 2011. (Tr. 15, Finding 1). The ALJ found Plaintiff had not engaged in Substantial Gainful Activity ("SGA") from her alleged onset date of August 1, 2005 through her date last insured of December 31, 2011. (Tr. 15, Finding 2). The ALJ determined Plaintiff suffered from the following severe impairments: bilateral carpal tunnel syndrome, depression and anxiety, peripheral neuropathy, and disorder of the back. (Tr. 15, Finding 3). The ALJ also determined Plaintiff's impairments did not meet or medically equal the requirements of any of the Listings of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr.16-17, Finding 4).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined her RFC. (Tr. 17-24, Finding 5). First, the ALJ evaluated Plaintiff's subjective complaints and found her claimed limitations were not entirely credible. *Id.* Second, the ALJ determined Plaintiff retained

the capacity to perform a wide range of light work:

> After careful consideration of the entire record, the undersigned finds that, through the date last insured, the claimant had the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) except the claimant can only occasionally climb, balance, stoop, bend, crouch, kneel and/or crawl. Based on diagnoses related to depression and anxiety, the claimant would be limited to jobs in which interpersonal contact is incidental to the work performed, the complexity of tasks is learned and performed by rote with few variables and little individual judgment, and the supervision required is simple, direct and concrete.

*Id.*

The ALJ then evaluated Plaintiff's Past Relevant Work ("PRW"). (Tr. 24, Finding 6). The ALJ determined that, considering her RFC, Plaintiff was unable to perform any of her PRW. (Tr. 24, Finding 6). The ALJ then determined whether Plaintiff retained the capacity other work existing in significant numbers in the national economy. (Tr. 24-25, Finding 10). The VE testified at the administrative hearing regarding this issue. *Id.* Considering her RFC and other limitations, the VE testified Plaintiff retained the capacity to perform representative occupations such as (1) small products assembler (light, unskilled) with 40,000 such jobs in Arkansas, 150,000 such jobs in the region, and 1.8 million such jobs in the nation; and (2) small parts packer (light, unskilled) with 5,000 such jobs in Arkansas, 20,000 such jobs in the region, and 550,000 such jobs in the nation. (Tr. 25). Because Plaintiff retained the capacity to perform this other work, the ALJ determined Plaintiff had not been under a disability, as defined by the Act, from August 1, 2005 (alleged onset date) through December 31, 2011 (date Plaintiff was last insured). (Tr. 25, Finding 11).

Plaintiff sought review with the Appeals Council. (Tr. 7). Thereafter, on March 23, 2013, the Appeals Council denied Plaintiff's request for review. (Tr. 1-3). Plaintiff filed suit in this Court, and the Government did not oppose the remand. *See Holter v. SSA,* 6:13-cv-06058 (ECF No. 12).

Accordingly, the Court reversed and remanded Plaintiff's case for further administrative consideration. *Id.*

### B. Second Administrative Decision

The ALJ then held a second administrative hearing on July 24, 2014. (Tr. 411-428). After this hearing, on November 19, 2014, the ALJ entered a second fully unfavorable disability determination. (Tr. 389-405). In this decision, the ALJ determined Plaintiff last met the insured status requirements of the Act on December 31, 2011. (Tr. 394, Finding 1). The ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") during the period from her alleged onset date of August 1, 2005 through her date last insured of December 31, 2011. (Tr. 394, Finding 2). The ALJ determined through her date last insured, Plaintiff had the following severe impairments: bilateral carpal tunnel syndrome, depression, anxiety, peripheral neuropathy, and a back disorder. (Tr. 394-395, Finding 3). The ALJ also determined through her date last insured, Plaintiff's impairment did not meet or medically equal the requirements of any of the Listings of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 395-396, Finding 4).

In this decision, the ALJ again evaluated Plaintiff's subjective complaints and determined her RFC. (Tr. 396-403, Finding 5). First, the ALJ evaluated Plaintiff's subjective complaints and found her claimed limitations were not entirely credible. *Id.* Second, the ALJ determined Plaintiff retained the capacity to perform a reduced range of light, unskilled work:

> After careful consideration of the entire record, the undersigned finds that, through the date last insured, the claimant had the residual functional capacity to perform a reduced range of light, unskilled work as defined in 20 CFR 404.1567(b).

*Id.*

The ALJ evaluated Plaintiff's Past Relevant Work ("PRW"). (Tr. 403, Finding 6). The ALJ determined that, through her date last insured, Plaintiff was unable to perform any of her PRW. *Id.* The ALJ then determined whether Plaintiff retained the capacity other work existing in significant numbers in the national economy. (Tr. 403-404, Finding 10). Considering her RFC and other limitations, the ALJ determined a hypothetical person with Plaintiff's limitations retained the capacity to perform representative occupations such as (1) marking clerk (light, unskilled) with 8,000 such jobs regionally and over 180,000 such jobs nationally; and (2) folding machine operator (light, unskilled) with 5,000 such jobs regionally and 44,000 such jobs nationally. *Id.* Because Plaintiff retained the capacity to perform this other work, the ALJ determined Plaintiff had not been under a disability, as defined by the Act, from August 1, 2005 (alleged onset date) through December 31, 2011 (date Plaintiff was last insured). (Tr. 404, Finding 11).

Thereafter, on October 23, 2015, Plaintiff filed her Complaint in this case. ECF No. 1. Both Parties have filed appeal briefs and have consented to the jurisdiction of this Court. ECF Nos. 8, 11-12. This case is now ready for decision.

**2.    Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2010); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001).

As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work

experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3.      Discussion:**

In her appeal brief, Plaintiff claims the ALJ's disability determination is not supported by substantial evidence in the record. ECF No. 11. Specifically, Plaintiff claims the following: (A) the ALJ's disability determination should be reversed because substantial evidence demonstrates her impairments met the requirements of Listing 11.14 from October of 2010 through March of 2014; (B) the ALJ's disability determination should be reversed because substantial evidence demonstrates her impairments equaled a Listing from October of 2010 to the present; and (C) the ALJ's disability determination should be reversed because the ALJ erred in his Step Five Determination. ECF No. 11 at 1-14. The Court will address each of these arguments.[2]

**A.      Listings**

Plaintiff raises two claims regarding the Listings: (1) She claims her bilateral carpal tunnel syndrome meets the requirements of Listing 11.14; and (2) She claims all of her impairments (when combined) equal one of the Listings. ECF No. 11 at 3-7. The Court will consider these issues separately.

---

[2]The Court will address Plaintiff's first and second arguments together because they both raise the same issue: whether Plaintiff's impairments meet or equal the requirements of the Listings.

7

First, Plaintiff claims her bilateral carpal tunnel syndrome meets the requirements of Listing 11.14. The relevant portion of Listing 11.14 requires a demonstration of the following:

> **11.14 Peripheral neuropathy**, characterized by A or B:
>
> A. Disorganization of motor function in two extremities (see 11.00D1), resulting in an *extreme limitation (see 11.00D2)* in the ability to stand up for a seated position, balance while standing or walking, or use the upper extremities.

(emphasis added). An "extreme limitation" requires a demonstration of the following:

> Inability to use your upper extremities means that you have a loss of function of both upper extremities (including fingers, wrists, hands, arms, and shoulders) that very seriously limits your ability to independently initiate, sustain, and complete work-related activities involving fine and gross motor movements. Inability to perform fine and gross motor movements could include not being able to pinch, manipulate, and use your fingers; or not being able to use your hands, arms, and shoulders to perform gross motor movements, such as handling, gripping, grasping, holding, turning, and reaching; or not being able to engage in exertional movements such as lifting, carrying, pushing, and pulling.

*See* Listing 11.00D2.

In her briefing, Plaintiff claims she meets these standards "based on her... testing on March 28, 2011 showing severe carpal tunnel syndrome bilaterally." ECF No. 11 at 6 (emphasis added). Plaintiff also claims she meets these standards because the "records" show she "complained of numbness of her thumb, index and long fingers, volar and dorsal." *Id.*

Apart from these broad claims, Plaintiff offers no *specific support* demonstrating she meets the requirements of Listing 11.14. Plaintiff has the burden of demonstrating her impairments meet *all* the requirements of a given Listing. *See Cox,* 160 F.3d at 1206. Under these facts, Plaintiff has not demonstrated she has an "extreme limitation" caused by her bilateral carpal tunnel syndrome that meets the requirements of Listing 11.14. Test results demonstrating carpal tunnel syndrome and

broad claimed limitations simply do not meet Plaintiff's burden.

Second, Plaintiff claims all of her impairments (when combined) equal one of the Listings. ECF No. 11 at 7-11. Specifically, Plaintiff lists her impairments and claims her "combination of impairments" "show from October 13, 2010 through the present she was unable to perform work at any exertional level." ECF No. 11 at 11. In making this claim, however, Plaintiff has not demonstrated which *specific limitations* meet the requirements of a *specific* Listing. Accordingly, again, Plaintiff has not met her burden on this issue, and this case cannot be remanded on this issue.

### B.     Step Five Determination

Plaintiff claims the ALJ erred in finding she could perform other work existing in significant numbers in the national economy. (Tr. 403-404, Finding 10). Specifically, Plaintiff argues she is unable to perform the jobs the ALJ identified because she is unable "to perform fine and gross manipulation" with her hands and has "problems with her hips" and has "chronic pain." *Id.*

Again, however, apart from these bare claims, Plaintiff has not demonstrated she suffers from *specific* limitations such that she would be unable to use her hands to perform such manipulations and would suffer from her other claimed limitations. Accordingly, the Court also cannot find Plaintiff has met her burden on this issue. *See Goff v. Barnhart,* 421 F.3d 785, 790 (8th Cir. 2005) (*quoting Eichelberger v. Barnhart,* 390 F.3d 584, 590 (8th Cir. 2004)) (recognizing "A disability claimant has the burden to establish her RFC."). Thus, this case cannot be remanded on this basis.

### 4.     Conclusion:

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is supported by substantial evidence and should be affirmed. A judgment incorporating

these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 8th day of November 2016.**

                                                        /s/   Barry A. Bryant
                                                        HON. BARRY A. BRYANT
                                                        U.S. MAGISTRATE JUDGE